# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

JENNIFER SZENDI HORVATH, Individually
and as Executrix of the Estate of IMRE SZENDI
HORVATH, M.D.,

    Plaintiff,

v.             CIVIL ACTION NO. 3:08-0896

NEW YORK LIFE INSURANCE COMPANY;
VALENTIN & SZENDI ORTHOPEDIC
SURGERY, INC., d/b/a ORTHOPEDIC SURGERY;
and FRANCISCO C. VALENTIN, M.D.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Jennifer Szendi Horvath's Motion to Dismiss Counterclaim (doc. 24). For the reasons discussed below, the Court **GRANTS** Plaintiff's motion.

## I. FACTS

Plaintiff initiated this case in relation to a dispute over the distribution of proceeds from a life insurance policy. Defendants Francisco S. Valentin, M.D., and Valentin & Szendi Orthopedic Surgery (Orthopedic Surgery) counterclaimed, alleging that the decedent, Dr. Imre Szendi Horvath, failed to repay money paid by them in insurance premiums.

Dr. Horvath and Defendant Valentin were the medical practitioners and shareholders of Defendant Orthopedic Surgery. Their practice was dissolved and its assets distributed between them on September 12, 2003. Defendants claim that prior to dissolution Dr. Horvath's medical

malpractice insurance carrier refused to renew his insurance "as a result of numerous medical malpractice claims filed against [him]." Dr. Horvath could not continue practicing for Defendant Orthopedic Surgery without medical malpractice insurance. Consequently, Defendants claim that Dr. Horvath and Defendant Valentin were forced to obtain more expensive insurance, costing Defendants approximately $300,000 in additional insurance premiums. According to Defendants, Dr. Horvath agreed to repay them this amount.

Dr. Horvath passed away on June 2, 2005. Plaintiff, Dr. Horvath's widow, was appointed executrix of his estate on March 9, 2006. Defendants filed their counterclaim against Plaintiff on September 12, 2008.

## II. DISCUSSION

Dr. Horvath was an Ohio resident domiciled in Proctorville, Ohio, and therefore Ohio law applies. Ohio Revised Code § 2117.06 provides: "All creditors having claims against an estate, including claims arising out of contract, . . . shall present their claims . . . [t]o the executor or administrator in a writing . . . within six months after the death of the decedent." "'[A] plaintiff [or counterclaimant] who seeks to avoid the . . . time limitations of Section [] 2117.06 . . . must allege and prove that there is something other than an asset of the estate, such as liability insurance, against which any judgment rendered in his favor may be enforced." *Lukowski v. CSX Transp., Inc.*, 416 F.3d 478, 485 (6th Cir. 2005) (emphasis omitted). Here, Defendants have made no such allegation. Defendants, however, filed their counterclaim well after the six-month limitation imposed by Ohio Revised Code § 2117.06. To permit Defendants' counterclaim to proceed would contravene § 2117.06(C), which provides: "[A] claim that is not presented within six months after the death of

the decedent shall be forever barred as to all parties . . . ." For these reasons, Defendants' counterclaim should be dismissed as untimely under § 2117.06.

The equities in this case do not compel a different result. Defendants were, or should have been, aware of the alleged debt at the time of Dr. Horvath's passing. The only action necessary to protect their interests was to present their claim within six months of that time. Defendants failed to do so. Equity will not save their claim.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Dismiss Counterclaim (doc. 24).

The Court **DIRECTS** the Clerk to send a copy of this written Order and Opinion to counsel of record and any unrepresented parties.

ENTER: December 18, 2008

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE